UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2002 DEC 16  A 10: 36

U.S. DISTRICT COURT
DISTRICT OF MASS.

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION,                  )
                             )
            Plaintiff,       )
                             )   Civil Action No.
                             )   01 CV 11672 JLT
        v.                   )
                             )
                             )
NEW ENGLAND SERUM            )
COMPANY, INC.                )
            Defendant.       )

## CONSENT DECREE

The parties to this Consent Decree are plaintiff Equal Employment Opportunity Commission (hereafter "EEOC"), and defendant New England Serum Company, Inc. (hereafter "NES").

The EEOC brought this action on September 28, 2001, pursuant to Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), and Title I of the Civil Rights Act of 1991 (the "Civil Rights Act"). The EEOC alleged that NES discriminated against at least five Central American women at its distribution center in Woburn by sexually harassing and terminating them based on their national origin and opposition to discrimination at their job site. NES strongly denied the allegations.

The EEOC and NES (hereinafter "the parties") desire to compromise and settle the differences embodied in the aforementioned lawsuit, and therefore do hereby stipulate and consent to the entry of this Decree as final and binding between the EEOC and NES and its successors or assigns. This Decree

resolves all matters related to Civil Action No. 01 CV 11672 JLT filed in the United States District Court for the District of Massachusetts. The parties have agreed that this Decree may be entered into without Findings of Fact and Conclusions of Law having been made and entered by the Court. The parties agree that it is in their mutual interest to resolve fully this matter without the costs, uncertainty, expense, and delay of litigation. The parties agree that this Consent Decree constitutes the complete agreement between the EEOC and NES. No waiver, modification, or amendment of any provision of this Consent Decree shall be effective unless made in writing, approved by all parties to this Consent Decree, and approved or ordered by the Court.

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and therefore, it is ORDERED, ADJUDGED AND DECREED that:

1. This Consent Decree resolves all issues concerning alleged discrimination by NES through the date of this Consent Decree which were raised in the Complaint filed by the EEOC in this case. This Consent Decree also resolves all issues that were raised or could have been raised in the Charges filed with the EEOC by Ana Sierra (Charge # 161A10010), Yisela Sierra (Charge # 161 A10011), Marcia

2

Valdez (Charge # 161 A10012), Gertrudis Amaya (Charge # 161 A10013), and Iris Martinez (Charge # 161 A10014), and by the allegations of Ericka Sierra, who did not personally file a charge. This Decree in no way affects the EEOC's right to process any pending or future charges that may be filed against Defendant in accordance with standard EEOC procedures, and to commence civil actions on any such charges.

2. The parties agree that this Court has jurisdiction over the subject matter of this action and the parties to this action, that venue is proper, and that all administrative prerequisites have been met.

3. The parties agree that this Consent Decree does not constitute an admission by NES of any violation of Title VII or the Civil Rights Act, and NES specifically denies the allegations of the complaint.

4. NES, its managers, officers, agents, successors, and assigns agree that they will comply with all of the requirements and prohibitions of Title VII and the Civil Rights Act.

5. NES, its managers, officers, agents, successors, and assigns agree that they will not retaliate against any employee for exercising his or her rights under Title VII and the Civil Rights Act.

6. NES agrees that within ten (10) days of the execution

of this Consent Decree (hereafter "Execution Date") and upon receipt of a release, it shall pay the following amounts to the following individuals:

| | |
|---|---|
| Marcia Valdez: | $65,000.00 |
| Gertudis Amaya: | $45,000.00 |
| Iris Martinez: | $20,000.00 |
| Ericka Sierra: | $12,500.00 |
| Yisela Sierra: | $ 5,000.00 |
| Ana Sierra: | $ 2,500.00 |

7.  NES shall mail the checks for the above amounts, along with a Form 1099 for each check, care of the following address:

> Cynthia Mark, Esq.
> Greater Boston Legal Services
> 197 Friend Street
> Boston, MA 02114

NES acknowledges that Ericka Sierra, Gertrudis Amaya, and Marcia Valdez will claim that these payments are on account of physical suffering or emotional distress arising from the physical assaults they alleged. This acknowledgment by NES does not constitute agreement with their claim.

8.  NES confirms that, since the complaint was filed in this case, it has conducted a significant training session for all management employees on the requirements of Title VII, particularly as it concerns harassment and discrimination on the basis of sex and national origin. Within sixty (60) days of the Execution Date, NES will

4

forward to the EEOC a statement confirming the names of the managers who attended this training session and a description of the training. A two-hour training session on the requirements of Title VII, particularly as it concerns harassment and discrimination on the basis of sex and national origin, shall also be provided to all management employees hired or promoted within the term of the Consent Decree, and a statement confirming such training shall be forwarded to the EEOC at the end of the term of the Consent Decree.

9. NES confirms that it has conducted a training session on the requirements of Title VII, particularly as it concerns harassment and discrimination on the basis of sex and national origin, for all non-management employees at the distribution center in English and Spanish, and that it has distributed to all such English and Spanish-speaking employees a copy of the NES sexual harassment policy translated into their native language. A written summary of the training, along with copies of the policies distributed, shall be forwarded to the EEOC within 15 days of the Execution Date. NES will continue to provide a one-hour training session in English and Spanish for all newly hired employees for the term of the Consent Decree, and it will continue to distribute to all such English and Spanish-speaking employees a copy of the NES sexual harassment

policy translated into their native language.

10. NES agrees, as part of its sexual harassment policy, to designate in writing and distribute the name of an individual or individuals to whom employees whose native language is Spanish can readily communicate in Spanish complaints of harassment. For all other employees who do not read, speak, or understand either Spanish or English, NES agrees, when it becomes aware of the employee's native language, to 1) advise such employees that the sexual harassment policy is important and that they should have it translated; and 2) give to each such employee materials concerning sexual and national origin harassment, to the extent such materials are available in the employee's native language through the EEOC's web site.

11. NES agrees to post and keep posted at a conspicuous and well-lit location the notice attached hereto as "Exhibit A" on its letter head, in both English and Spanish. The notices shall remain posted for the duration of the Consent Decree.

12. EEOC shall retain the right to monitor NES's compliance with the terms of this Consent Decree until its expiration.

13. No party shall contest the jurisdiction of the federal court to enforce this Consent Decree and its terms or the right of any party to this Consent Decree to bring an enforcement suit upon breach of any of the terms of this Consent Decree by any party. Breach of any terms of this

6

Consent Decree shall be deemed a substantive breach of this Consent Decree. Nothing in this Consent Decree shall be construed to preclude the EEOC from bringing proceedings to enforce this Consent Decree in the event that NES fails to perform the promises and representations contained herein.

14. The parties agree to pay their own costs and attorneys fees associated with this action.

15. The Parties agree to preserve indefinitely the confidentiality of material designated as "Confidential Material" under the Stipulated Order Governing the Production and Use of Confidential Material. Nothing in this Order shall be construed as requiring a Party to violate any provisions of state or federal law, or to require a party to refuse to comply with a validly issued subpoena. In the event a Party receives a subpoena seeking Confidential Information, it shall notify the other Party of the subpoena.

16. This Consent Decree shall remain in effect for one year from the date it is approved by the Court.

17. This Consent Decree shall be binding upon NES's purchasers, successors, and assigns.

SO ORDERED, ADJUDGED AND DECREED.

Signed this __7TH__ day of __Jan__, __2003__



United States District Judge

APPROVED IN FORM AND CONTENT:

By Plaintiff, EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION:

Katherine E. Bissell
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
(212) 336-3690

_____
Markus L. Penzel
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Boston Area Office
JFK Federal Building, Room 475
Boston, MA 02203-0506
(617) 565-3193

By Defendant, New England Serum
    Company, Inc.:

_____
Christopher P. Litterio, Esq.
Ruberto, Israel & Weiner, P.C.
100 North Washington Street
Boston, MA 02114
617-742-4200

8

<u>Exhibit A</u> (to be posted in English and Spanish)

**<u>NOTICE</u>**

1. This notice is being posted at the request of the U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION. New England Serum Company, Inc., will not discriminate against any individual because of the individual's sex or national origin, or engage in harassment on the basis of sex or national origin toward any employee.

2. Federal law requires that there be no discrimination against any employee or applicant for employment because that person made a complaint of discrimination because of sex, race, national origin, color, age, disability, or religion with respect to hiring, compensation, promotion, discharge, or other terms, conditions or privileges of employment.

3. New England Serum Company, Inc., will comply with such Federal law in all aspects, and it will not take any action against employees because they have exercised their rights under the law by filing charges or cooperated with the U.S. Equal Employment Opportunity Commission or by otherwise opposing employment practices made unlawful under federal law.

4. The Equal Employment Opportunity Commission maintains offices throughout the United States. Its toll-free telephone number is 1-800-USA-EEOC. The Boston Area Office has jurisdiction over Massachusetts and can be phoned at (617) 565-3200 or toll free at 1-800-669-4000. The Massachusetts Commission Against Discrimination, which enforces the state employment discrimination laws, is located in Boston, and can be contacted at (617) 727-3990.

5. This <u>NOTICE</u> will remain posted until _____ , *(1 YEAR FROM DATE OF SIGNATURE.)*

SIGNED this _____ day of _____, 2002.

_____
Owner

***DO NOT REMOVE THIS NOTICE UNTIL <u>1 YEAR FROM DATE OF SIGNATURE</u>***

9